IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CMR Properties, Inc., <br>     Debtors | ) <br> )    Bky. No. 04-31507 <br> ) |
| CMR Properties, Inc., <br>     Movant, | ) <br> )    Chapter 11 <br> ) |
| v | )    Document Number 173 <br> ) |
| Slovak Savings Bank <br>     Respondent/Defendant | ) <br> ) |

## ORDER CONFIRMING SALE OF PROPERTY
## FREE AND DIVESTED OF LIENS

AND NOW, this 23rd day of April, 2007, on consideration of CMR Properties' Inc., Motion /Complaint for Sale of Property Free and Divested of Liens to Emanuel Mori, Allison Park, Pennsylvania, for $615,000, after hearing held in Courtroom D, 54th Floor, 600 Grant Street, Pittsburgh, Pennsylvania, this date, the Court finds:

(1) That service of the Notice of Hearing and Order setting hearing on said Motion/Complaint for private sale of real property free and divested of liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said Motion/Complaint for private sale, via:

**DATE OF SERVICE**      **NAME OF LIENOR AND SECURITY**

February 9, 2007      Slovak Savings Bank-Mortgage

                                Steven Boytz, Esquire was present at the hearing representing
                                Slovak Savings Bank

(2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of service duly filed and that the named parties were duly served with the Motion/Complaint.

(3) That said sale hearing was duly advertised in the Pittsburgh Legal Journal on March 9, 2007 and the Tribune-Review on March 9, 2007, as shown by the Proof of Publications duly filed.

(4) That at the sale hearing the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in cancellation of said sale.

(5) That the price of $615,000 offered by Emmanuel Mori, was a full and fair price for the property in question.

(6) That the Purchaser(s) have acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F2d. 143 (3d Cir. 1986).

(7) *All pre-sale contingencies have been withdrawn.*

Now therefore, **IT IS ORDERED, ADJUDGED AND DECREED** that the sale by Special Warranty deed of the real property described as 602 Willruth Drive, is hereby **CONFIRMED TO** Emanuel Mori for $615,000, free and divested of the above recited liens and claims, and, that the Movant/Plaintiff is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to property purchased upon compliance with the terms of the sale;

IT IS FURTHER ORDERED, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

FURTHER ORDERED, that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the Closing Agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order.* Expect as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1) The following lien(s)/claim(s) and amounts:

1st Mortgage payoff to Slovak Savings Bank in the amount of $554,156.00

(2) Delinquent real estate taxes, if any;

(3) Current real estate taxes, pro-rated to the date of closing;

(4) The costs of local newspaper advertising in the amount of $319.26;

(5) The costs of legal journal advertising in the amount of $305.20;

(6) The Court approved realtor commission in the amount of $25,000 to William Funfar; *$5,000*

(7) Court approved attorney fees in the amount of ~~$9,915.00~~ to Charles Laputka, Esq. *without prejudice to claim for the balance of the claimed fees;*

2

(8)  The balance of funds realized from the within sale shall be held by the attorney for the Movant/Plaintiff until further Order of Court, after notice and hearing; and,

(9)  Other:_____NONE_____.

FURTHER ORDERED that:

(1)  Closing shall occur within thirty (30) days of this Order and, *within five (5) days following closing*, the Movant/Plaintiff shall file a report of sale which \ shall include a copy of the HUD-1 or other Settlement Statement;

(2)  This Sale Confirmation Order survives any dismissal or conversion of the within case; and,

(3)  *Within five (5) days of the date of this Order*, the Movant/Plaintiff shall serve a copy of the within Order on each Respondent/Defendant (i.e. each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

_____
Thomas P. Agresti
United States Bankruptcy Court

FILED
2007 APR 24 A 10:52
CLERK
U.S. BANKRUPTCY
COURT - PGH